# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JOSE GUADALUPE VALDES
MARQUEZ,

      Plaintiff,

v.                          Case No: 8:14-cv-2407-T-30TBM

AYLIEM ORIHUELA CASTILLO,

      Defendant.

_____

## AMENDED ORDER[1] GRANTING PETITIONER'S REQUEST FOR AN IMMEDIATE SERVICE OF PETITION BY THE U.S. MARSHALS AND RESPONDENT'S SURRENDER OF TRAVEL DOCUMENTS TO THE U.S. DISTRICT COURT

      Petitioner Jose Guadalupe Valdez Marquez has filed an Amended Verified Petition for Return of Child pursuant to the Hague Convention and 42 U.S.C. § 11603, International Child Abduction Remedies Act, which included a request for provisional remedies. (Dkt. #11.)   After consideration, the Court grants Petitioner's request for provisional relief pending a Final Evidentiary Hearing in this matter.

### *Background*

      Petitioner commenced this action alleging that his wife, Respondent, Ayliem Orihuela Castillo, wrongfully removed their minor child, J.V.O., age three, from their

---

[1] Order amended only as to date of Evidentiary Hearing.   Hearing rescheduled to Thursday, November 20, 2014, at 10:00 (Eastern Standard Time).

residence in Mexico. Petitioner seeks immediate return of the minor child to Mexico under the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601-11610 ("ICARA"). Petitioner seeks provisional relief during the pendency of the ICARA Petition, including a Warrant of Arrest directing the United States Marshals Service to serve the Petition and any Orders of this Court related to the Petition on Respondent, and take into custody Respondent and J.V.O.'s travel documents including passports, Green Cards, travel visas, birth certificates, and social security cards to be delivered to the District Court pending the resolution of these proceedings, and an order prohibiting removal of the child from the Tampa division of this district.   Petitioner requests an expedited hearing.

### *Factual Allegations*

Petitioner and Respondent married in Cuba on or about April 6, 2012. Immediately after the marriage, Petitioner began the process of obtaining permission for Respondent and J.V.O. to move to Mexico. Respondent and J.V.O. moved to Mexico to live with Petitioner together as a family on or about December 5, 2012. Both Petitioner and Respondent intended for the family to live together in Mexico permanently. Respondent sold her home in Cuba and requested that Petitioner file the appropriate papers for her to bring her other two children to also live in Mexico. Petitioner, Respondent, and J.V.O. lived together in Petitioner's family home until October 2013.

On October 5, 2013, Respondent left Mexico with J.V.O. without warning, notice or permission from Petitioner.  Respondent sent a text message to Petitioner indicating that she was on a plane to Cuba. She later sent another text message to Petitioner indicating that she was in Houston, Texas. Several days later, the parties began communicating by e-

mail. Eventually, Respondent provided a phone number and stated that she was living in Tampa, Florida, with her uncle. Respondent would not provide Petitioner with the address of her residence in the United States. From January 2014 through September 2014, Petitioner has not seen, spoken to, or received substantive information regarding J.V.O.

Petitioner is the Child's natural father. He was born in Mexico, has lived in Mexico for his entire life, and is a Mexican citizen. Respondent is the Child's natural mother. Respondent was born in Cuba and is a Cuban citizen.[2] Respondent lived in Cuba until she married Petitioner and established domicile in Mexico. Her current address is believed to be in Tampa, Florida, and law enforcement has provided an address where the U.S. Marshals Service can serve her with process.  Respondent has immediate and extended family in Cuba, including her parents and two minor children – one of whom lives with his father and the other lives with a grandparent. Respondent has an aunt and uncle in Tampa, Florida, and no other known family in the United States. She is believed to have many friends who live in the U.S.

J.V.O. spent ten months in Mexico living with Petitioner and Respondent prior to arriving in the United States.   In light of the evidence in the Amended Verified Petition, it appears that Mexico is the likely habitual country of residence of J.V.O.

## *Discussion*

ICARA establishes legal rights and procedures to return wrongfully-removed children to their country of habitual residence. 42 U.S.C. § 11601. ICARA authorizes a

---

[2] Cuba is not a signatory to the Hague Convention.

court to "take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 42 U.S.C. § 11604(a). Such relief is analogous to a temporary restraining order. *Dionysopoulou v. Papadoulis*, No. 8:10-CV-2805-T-27MAP, 2010 WL 5394896, at *2 (M.D. Fla. Dec. 23, 2010) (citing *In re McCullough*, 4 F.Supp. 2d 411, 415 (W.D.Pa. 1998)). Therefore, a petitioner must show that:

> 1. There is a substantial likelihood that the moving party will prevail on the merits;
> 2. The moving party will suffer irreparable injury if the injunction is not granted;
> 3. The threatened injury to the moving party outweighs the threatened harm the proposed injunction may cause the opposing party; and
> 4. The injunction, if issued, would not be adverse to the public interest.

*Id*. (citing *Haitian Refugee Center. Inc. v. Baker*, 949 F.2d 1109, 1110 (11th Cir. 1991)).

Based on the allegations in the Amended Verified Petition there is a substantial likelihood that Petitioner will prevail on the merits. Petitioner would suffer irreparable injury if Respondent is not enjoined from fleeing the jurisdiction of this Court with the minor child. The threatened injury of Petitioner's loss of contact with his minor child outweighs any harm the temporary injunction may have on Respondent, considering her actions. Further, the injunction is not adverse to the public interest. Accordingly, a provisional remedy is appropriate under 42 U.S.C. § 11604(a).

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The United States Marshals for the Middle District of Florida or other law enforcement officers, are hereby directed to:

4

    a.  Serve the Respondent, Ayliem Orihuela Castillo with the Amended Verified Petition and this Order at an address to be provided to the US Marshals by Petitioner's counsel forthwith; and

    b.  Seize and impound any and all travel documents of both the Respondent and J.V.O, including but not limited to any and all passports, birth certificates, travel visas, Green Cards, social security cards or similar documents that may be used to secure duplicate passports; and

    c.  Deliver such travel documents (as defined above) to the Clerk of the Court of the U.S. District Court for Middle District of Florida to be held pending a Final Evidentiary Hearing on Petitioner's Petition for Removal of J.V.O. or until further order of the Court.

2. Respondent may not remove J.V.O., nor allow any other person to remove J.V.O. from the jurisdiction of the Middle District of Florida pending a Final Evidentiary Hearing on Petitioner's Petition for Return of J.V.O. to Mexico or until further order of the Court.

3. A **FINAL EVIDENTIARY HEARING** on the Amended Verified Petition for Return of Child is scheduled on **<u>THURSDAY, NOVEMBER 20, 2014, at 10:00 A.M. (Eastern Standard Time)</u>** in Courtroom #17 at the U.S. Sam Gibbons Courthouse, 801 North Florida Avenue, Tampa, Florida 33602 (Time reserved: 3 hours). Respondent, and the minor child, J.V.O. shall be present at the hearing.

4. Petitioner Jose Guadalupe Valdez Marquez may appear at the Final Evidentiary Hearing via Contemporaneous Transmission from Remote Location.   Once

Plaintiff's counsel confirms the specific arrangements for the live video conferencing, Plaintiff's counsel is directed to file a supplemental pleading describing the arrangements and demonstrating that safeguards will be in place to ensure accurate transmission of the witness' testimony as required under Rule 43(a) of the Federal Rules of Civil Procedure no later than three (3) days prior to the Final Evidentiary Hearing.

**DONE** and **ORDERED** in Tampa, Florida, this 31st day of October, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record
U. S. Marshal's Office

S:\Odd\2014\14-cv-2407 service and surrender.docx